UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JENSON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HUERTA,<br><br>Defendant. | Case No. 2:17-cv-00221-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

On May 25, 2017, the Clerk of the Court conditionally filed Plaintiff Tracy Jenson's Petition for Writ of Mandamus subject to later review by the Court to determine whether he is entitled to proceed under 28 U.S.C. § 1915 (Dkt. 3). Plaintiff filed his Petition without the assistance of counsel. Because Plaintiff requests to proceed in forma pauperis, the Court conducted an initial review of his Petition under 28 U.S.C. § 1915(e)(2). Having reviewed the record, and otherwise being fully informed, the Court finds that Plaintiff's claims are subject to dismissal because the Court lacks jurisdiction to enter the relief proposed.

## BACKGROUND

According to the Petition, Plaintiff complains that the Federal Aviation Administration (the "FAA") mismanaged over $200 million in pay raises intended for Air Traffic Controllers. As a result, Plaintiff alleges that nearly 15,000 Controllers received

marginal overpayments over many years, while approximately 160 Controllers, himself included, were substantially underpaid during the same period. According to Plaintiff, this error was due to the FAA's failure to timely implement raises for some Controllers, which was exacerbated by an incorrect calculation of those Controllers' base pay under a new pay system. Plaintiff argues that the FAA administrator has a nondiscretionary duty to recover overpayments and correct underpayments to Federal employees. As such, Plaintiff petitions this Court for a Writ of Mandamus ordering the FAA Administrator to recover and redistribute wages among the affected Air Traffic Controllers.

## LEGAL STANDARD

Once an action has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court will conduct an initial review. See 28 U.S.C. § 1915(e)(2). The Court must dismiss an action or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). Further, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Plaintiff is proceeding pro se, the Petition must be liberally construed, and Plaintiff must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Petition can be saved by amendment, Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson. v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A dismissal without leave to amend is

improper unless it is beyond doubt that the Petition "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## ANALYSIS

In this case, Plaintiff seeks to recover lost wages from the FAA, and asks that the Court order the FAA Administrator to restore his lost wages by recovering and redistributing pay raises and base pay amounts erroneously paid out to other Controllers. Plaintiff has previously filed "at least thirty administrative and judicial claims against various parties and entities" on essentially the same facts as he raises here. *Jenson v. Carr*, No. C11-1222-RSL, 2012 WL 2190881 at *1 (W.D. Wash. June 14, 2012). This includes at least one case against the FAA. *See, e.g.*, *Jenson v. FAA*, No. CV-10-0234-CI, 2011 WL 2491428 (E.D. Wash. June 22, 2011). Plaintiff previously filed an action in this District, seeking judgment against individuals involved with the National Air Traffic Controllers Association for failing to correct flaws in a collective bargaining agreement negotiated with the FAA. *See Jenson v. Mellody*, No. 2:10-cv-00493-LMB, 2011 WL 3679142 (D. Idaho August 23, 2011). Plaintiff alleged that this failure contributed to the FAA's failure to correctly calculate Plaintiff's base pay. *Id*. In two related actions, Plaintiff sought to bring claims against lawyers and judges involved in prior federal actions, brought by the Plaintiff, which resulted in adverse decisions on similar claims. *See Jenson v. U.S. Dep't. of Justice*, No. 2:11-cv-00218-LMB; *Jenson v. Baskir, et al.*, No. 2:11-cv-00219-LMB. As part of that previous round of litigation, the magistrate judge found that

> Jenson appears to be engaging in abusive litigation tactics through his multiple frivolous filings. Jenson's stated goal in all of his lawsuits is the same. However, because of the meritorious rulings against him, none of the cases he has filed or may file will accomplish his goal.

*Jenson v. Mellody*, No. 2:10-cv-00493-LMB at *5. In that case, the magistrate dismissed Plaintiff's claims as barred by the doctrine of claim preclusion, and ordered that he be subject to a pre-filing order. *Id.* As such, Plaintiff was "enjoined from filing any further action, pleading, documents, or letters against NATCA, or former and current NATCA employees or officers regarding lost wages, promotions, or pay schemes" without leave from this Court. *Id.*

Here, Plaintiff has filed an action against the FAA and thus is not subject to the pre-filing order. However, he is still subject to initial review of his claim under 1915(e)(2)(B). As such, the Court must dismiss his Petition if it "(1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). Further, the Court must dismiss his Petition if it lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(4)(3).

1. **Subject Matter Jurisdiction**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief under Section 1361 "is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's

duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003); *see also Heckler v. Ringer*, 466 U.S. 602, 616, (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief. . . ."). A District Court lacks jurisdiction to order mandamus relief where the Petitioner has access to other adequate and available remedies. *See Perez v. Idaho Falls Sch. Dist. No. 91*, No. 4:15-cv-00019, 2016 WL 1032790 at *5 (D. Idaho, March 15, 2016) ("the mandamus statute does not provide this Court with jurisdiction because there are other adequate and available remedies.").

Plaintiff has failed to articulate either a clear and certain claim or a plainly prescribed nondiscretionary duty owed him by the Administrator. *See Kildare*, 325 F.3d at 1084. Plaintiff alleges that the FAA Administrator has a nondiscretionary duty (1) to recover overpayments made to nearly 15,000 Controllers and (2) to redistribute the recovered payments to the 160 Controllers to compensate them for lost wages. He argues that this duty is founded in the FAA Administrator's obligations under 5 U.S.C. § 2301-2302, as adopted by FAA regulations.[1] The statute Plaintiff refers to, however, simply

---

[1] Under 49 U.S.C. § 40122(g), the FAA is exempt from the provisions of 5 U.S.C. §§ 2301-2302, except for § 2302(b) relating to whistleblower protection. Plaintiff alleges that the FAA has incorporated §§ 2301 and 2302 "word for word" into its own personnel management system. *See Pl.'s Br.* at 3. For the purposes of this motion, the Court will take this allegation as true. *See Resnick*, 213 F.3d at 447.

**MEMORANDUM DECISION AND ORDER - 5**

lays out the principles of the government's merit-based pay system, outlines prohibited personnel practices, and instructs that a designee "shall, pursuant to the authority otherwise available under this title, take any action . . . [the designee] determines is necessary to ensure that personnel management is based on and embodies the merit system principles." 5 U.S.C. §§ 2301-2302. To the extent Plaintiff alleges a claim that the FAA has failed to abide by its merit system principles or engaged in prohibited personnel practices, he does not allege the necessary facts or applicable legal standard to support such a claim. Instead, the bulk of his allegations consist of nothing more than conclusory statements, which are insufficient to show a clear and certain claim.

Further, mandamus is appropriate only when a plaintiff has identified a nondiscretionary and ministerial duty owed to him by a federal official. *Kildare*, 325 F.3d at 1084. Plaintiff asks the Court to find that the Administrator has a nondiscretionary duty to take specific action to recover and redistribute overpayment of wages and bonuses. Yet, according to the authority cited by the Plaintiff, the Administrator does not have any obligation to act at all, unless he determines that action is necessary. *See, e.g.*, 5 U.S.C. § 2301(c). Thus, mandamus is not an appropriate remedy for Plaintiff to achieve the relief he seeks, unless such relief is specifically prescribed by some other statutory or regulatory scheme. *See Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir. 1994) ("While mandamus may not be used to impinge on an official's legitimate use of discretion, even in an area generally left to agency discretion, there may well exist statutory or regulatory

standards delimiting the scope or manner in which such discretion can be exercised.") (internal quotations omitted).

Plaintiff does not identify any such statutory or regulatory standards. As such, the Administrator's nondiscretionary and ministerial duty to collect and redistribute the overpayment of wages is neither "plainly prescribed" nor "free from doubt." *Kildare*, 325 F.3d at 1084. Plaintiff argues that the Improper Payments Elimination and Recovery Improvement Act of 2012 (IPERIA) mandates that agencies recover any overpayment made to federal employees. *See* 31 U.S.C. § 3321 note (IPERIA, Pub. L. 112-238, Jan. 10, 2013). The Court finds no support for such a mandate in the text of the Act. Nor does that Act's "allusion" to the correction of underpayments plainly prescribe a statutory duty to recover and redistribute wages in the manner suggested by the Plaintiff.

Finally, Plaintiff cannot show that he lacks any other adequate remedy. "The general principle which governs proceedings by *mandamus* is, that whatever can be done without the employment of that extraordinary remedy, may not be done with it. It only lies when there is practically no other remedy." *Ex parte Rowland*, 104 U.S. 604, 617 (1881). Here, Plaintiff's multiple previous lawsuits demonstrate that not only was there an available and adequate proceeding through which Plaintiff could pursue his claims, but that he in fact availed himself of that proceeding. Although Plaintiff did not obtain the relief he sought through his prior lawsuits, this does not render the remedy afforded either inadequate or unavailable. At issue is whether Plaintiff had "adequate means to attain the

desired relief," not whether the desired relief was obtained. *See In re Ozenne*, 841 F.3d 810, 816 (9th Cir. 2016).

Further, the appropriate recourse to an adverse judgment is direct appeal, not mandamus. *See id.* at 815 ("Procedurally, a writ of mandamus cannot substitute for timely appeal."). Where Plaintiff has failed to timely appeal the adverse determination of his claims for relief, he cannot instead seek to challenge them through mandamus. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) ("[Mandamus] may not be used merely as a substitute for the appeal procedure prescribed by the statute."). Like in *Ozenne*, the Plaintiff here "filed a mandamus petition seeking precisely the same relief" he could have sought on appeal of his prior lawsuits. 814 F.3d at 816. Because the Plaintiff had access to other adequate and available remedies, the Court lacks jurisdiction to order mandamus relief. *Perez*, No. 4:15-cv-00019, 2016 WL 1032790 at *5.

Although it is conceivable that Plaintiff could amend his Petition such that he meets the first two requirements for mandamus, no conceivable amendment would change the fact that Plaintiff had alternative adequate remedies, and indeed availed himself of those remedies. His lack of success in pursuing the relief he seeks does not justify the extraordinary use of mandamus, particularly where he failed to pursue his previous claims upon direct appeal. For that reason, the Court will order this action dismissed without leave to amend.

2. Frivolousness

Because the Plaintiff is proceeding pro se in this action, the Court must construe his Petition liberally, and give him the benefit of the doubt. *See Resnick*, 213 F.3d at 447. Although the Court will dismiss this action for lack of subject matter jurisdiction, and thus does not need to reach the question of whether the claim was frivolous, the facts underlying the claim certainly support such a finding. The Plaintiff has previously engaged in vexatious litigation in this District, such that he was subject to a pre-filing order on these same claims, as brought against different defendants. *Jenson v. Mellody*, No. 2:10-cv-00493-LMB at *5. The magistrate judge in that action held that the Plaintiff had engaged in abusive litigation techniques and made multiple frivolous filings. *Id.* This Court later denied a request by the Plaintiff to remove the pre-filing order, and a request to file a new action against the defendants in that case, finding again that his claims lacked merit. *See* Orders, *Jenson v. Mellody*, No. 2:10-cv-00493-LMB (Dkt. 40, 42). Plaintiff brings essentially the same claims in this action, and again the Court has found he cannot possibly succeed. For these reasons, there are sufficient grounds to find that Plaintiff's Petition is frivolous, and due to be dismissed.

## ORDER

In accordance with the Memorandum Decision set forth above,

**NOW THEREFORE IT IS HEREBY ORDERED,** that the Plaintiff's Petition for a Writ of Mandamus (Dkt. 2) is **DENIED**.

**IT IS FURTHER ORDERED**, that this action be dismissed pursuant to F. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED**, that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED**, that the Clerk close this case.

DATED: November 13, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court