UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACY JENSON,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL HUERTA,<br><br>  Defendant. | Case No. 2:17-cv-00221-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is Petitioner's Motion to Correct Misunderstandings (Dkt. 8). For the reasons stated below, the Court will deny the motion.

## BACKGROUND

On May 25, 2017, the Clerk of the Court conditionally filed Petitioner Tracy Jenson's Petition for Writ of Mandamus (Dkt. 2). The Court reviewed the Petition pursuant to 28 U.S.C. § 1915, and found that it lacked subject matter jurisdiction over Petitioner's claim. *See Nov. 13, 2016 Memorandum Decision and Order*, Dkt. 6. Thus, the Court entered judgment denying the Petition and dismissing this action. *Judgment*, Dkt. 7. Petitioner filed the instant Motion on December 11, 2017. *See Motion*, Dkt. 8. The

Court will construe Petitioner's Motion as one to alter or amend judgment under Rule 59(e) or for relief from final judgment under Rule 60(b).[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 59 is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Instead, reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

As a result, there are four limited grounds upon which a motion to alter or amend judgment may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington North. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly

---

[1] Plaintiff's Motion was filed exactly 28 days after the entry of judgment in this case, thus is timely under Rule 59(e). Fed. R. Civ. P. 59(e).

discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J, Multnomah Cnty, Or.*, 5 F.3d at 1263. This Rule must be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

## ANALYSIS

A motion to alter or amend, or for relief from judgment may be granted only in limited circumstances. Petitioner has failed to establish that any of those circumstances apply here. Rather, Petitioner's motion seeks to clarify the Court's understanding of the factual allegations underlying his Petition. As such, much of the motion is taken up with restating and re-alleging facts and legal conclusions previously raised in the initial Petition. To the extent Petitioner alleges new facts, he fails to explain how they are either newly discovered or were previously unavailable to him at the time he filed his Petition.[2]

---

[2] Although Plaintiff reiterates that the facts underlying his Petition are different from those underlying previous, related actions, he does not allege that any facts presented in his motion were undiscovered or unavailable at the time he filed the current action.

Nor does Petitioner address the legal deficiencies identified by the Court in its initial review. There, the Court found it lacked subject matter jurisdiction over the Petition, because Petitioner failed to articulate either a clear and certain claim, or a plainly prescribed nondiscretionary duty owed him. *See Nov. 11, 207 Order*, at 5, Dkt. 6; *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (finding that mandamus relief "is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."). To the extent Petitioner contends that the Court's conclusions are in error, he points to no legal authority supporting his claim. Instead, he offers no more than his own alternative interpretation of the statutory and regulatory framework upon which the Court based its earlier decision. Petitioner's disagreement with the Court's analysis is not evidence that the Court's decision was reached in error, and does not justify reconsideration.

Further, the Court found that Petitioner could have availed himself of other remedies. *See Heckler v. Ringer*, 466 U.S. 602, 616, (1984) ("The common law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief. . . ."). Petitioner does not address this issue, other than to reiterate that his Petition seeks redress for a different claim from those underlying previous actions in this court and others. He fails to allege,

however, that there was no other available or adequate proceeding through which to pursue his claim. As such, the Court lacks jurisdiction over his petition for mandamus.

Accordingly,

**IT IS ORDERED:**

1. Petitioner's Motion to Correct Misunderstandings (Dkt. 8) is **DENIED**.

DATED: April 30, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge